## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**DAN EIDEN, INC.,**
a Michigan corporation,

      Plaintiff

                                  Case No.:

v.

**F&M TOOL & PLASTICS, INC.,**
a Massachusetts corporation,

      Defendant.

---

## **COMPLAINT AND JURY DEMAND**

NOW COMES Dan Eiden, Inc. ("Plaintiff" or "Eiden"), by and through its attorneys, Carlson, Gaskey & Olds, P.C., and for its Complaint against Defendant F&M Tool & Plastics, Inc. ("Defendant" or "F&M") states as follows.

## **STATEMENT OF THE CASE**

1. Plaintiff Dan Eiden, Inc. was Defendant F&M's independent sales representative for eight years and helped launch F&M's lucrative housewares line. From his Michigan base, Eiden secured sales to major national retailers, including Kmart (Sears Holding), Meijer, Target, Menards, and Shopko. With Eiden having procured ongoing sales contracts and placed major promotional sales into at least 2016, F&M sought to terminate the relationship and disclaim its obligation to pay

post-termination commissions. Eiden now brings this suit for breach of contract and violation of the Michigan Sales Representative Commission Act ("MSRCA").

## PARTIES, JURISDICTION & VENUE

2. Plaintiff Dan Eiden, Inc. is a Michigan corporation with its principal place of business at 1735 Woodmar Court, Howell, Michigan 48843. Plaintiff is an independent manufacturer's sales representative specializing in representing manufacturers of consumer goods for sale to regional and national retailers.

3. Defendant F&M is a Massachusetts corporation that conducts business within this district, with its principal place of business at 163 Pioneer Drive, Leominster, Massachusetts 01453.

4. The amount in controversy is in excess of $75,000, exclusive of costs, interest, at attorney fees.

5. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the jurisdictional threshold, exclusive of interest and costs, and is between citizens of different states.

6. Venue is appropriate in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## **COMMON ALLEGATIONS**

7. Defendant F&M was a traditional tool and plastics company when Eiden introduced it to the home plastic storage market; this market segment has now become a major focus of F&M's business.

8. Defendant F&M currently manufactures, among other things, plastic storage containers and "totes" under the brand name "Bella Storage Solutions."

9. Since its launch in 2008, Eiden has been one of F&M's principal sales agents for the Bella line of products.

10. Between 2008 and 2013, Eiden procured sales for F&M to major retailers and was paid by F&M agreed commissions. During this time, Eiden secured contracts for F&M with customers including Kmart (Sears Holdings), Meijer, Menards, Pamida and Shopko, True Value, Target, Walgreens, and Marc's.

11. On or about July 11, 2013, Eiden and F&M executed a written Independent Sales Representative Agreement (the "Agreement"), attached hereto as Exhibit 1.

12. The parties agreed that Plaintiff would continue to serve as a sales representative on behalf of F&M and that he would solicit orders for the sale of productions manufactured or supplied by F&M to a wide range of retailers.

13. In the Agreement, F&M agreed to pay commissions in the month following payment from the customer, at agreed rates depending on the customer.

14. The Agreement was terminable by either party without cause upon 30 days written notice.

15. After the Agreement was signed, Eiden continued to make huge sales for F&M, growing sales to existing customers and lining up new business for F&M. F&M recognized Eiden as its "National Key Accounts" representative.

16. Despite Eiden's sales accomplishments and the enormous success of its Bella line, changes were afoot at F&M.

17. In 2014, F&M began cutting Eiden's commissions, undermining his role within the company, and proposing various other revisions to the parties' relationship.

18. When Eiden would not agree to the addition of overly restrictive covenants to the parties and deep commission cuts, F&M sought to curtail Eiden's responsibilities to avoid payment of commissions he would be owed.

19. On or about August 5, 2015, F&M terminated Eiden's representation of F&M with regards to Menards, Target, and Shopko.

20. Two days later, F&M terminated Eiden entirely, effective September 7, 2015. [Exhibit 2.]

21. Because of the lead time and the recurring nature of sales, Eiden has procured sales for F&M to customers that, at the time of termination, had not yet been formalized by a purchase order.

22. For example, in May 2015, Eiden procured an award letter for the production of goods by F&M for ALDI, Inc. which calls for the sale of products to be displayed and sold by ALDI in January 2016. As a result, a formal purchase order had, upon information and belief, not been issued by ALDI at the time of termination.

23. At the time of termination, Eiden had procured ongoing sales relationships on behalf of F&M with a number of customers whereby the customers would simply re-order the same products that they had previously purchased from F&M.

24. Eiden had also procured sales to retailers for promotional events into at least the 2016 calendar year. Though these sales have been procured, actual orders will not be placed until nearer to the time of the promotional event.

25. In its termination letter, F&M declared that it would only pay commissions "between now and September 7th." [Ex. 2.] F&M clearly stated that it has no intention of paying any commissions for sales procured by Eiden unless an actual order was placed prior to the termination.

26. Upon information and belief, as of the date of this Complaint, F&M had not made payment to Eiden for any sales or the procurement of sales by Eiden on or after September 7, 2015.

5

Case 2:15-cv-14053-BAF-MJH   ECF No. 1, PageID.6   Filed 11/18/15   Page 6 of 8

27. Eiden is entitled to payment of commissions on all sales for which he was the procuring cause.

## COUNT I – BREACH OF CONTRACT

28. Plaintiff incorporates and re-alleges Paragraphs 1 through 27 as each were fully set forth herein.

29. The Agreement between Eiden and F&M is a valid contract.

30. F&M breached that contract by failing to pay the full amount of commissions owed as they come due.

31. In addition, F&M's repudiation of the Agreement constitutes a breach thereof.

32. Eiden has been and continues to be damaged as a result of F&M's breach.

## COUNT II – VIOLATION OF MSRCA

33. Plaintiff incorporates and re-alleges Paragraphs 1 through 32 as each were fully set forth herein.

34. The Agreement between the parties is governed by the Michigan Sales Representative Act, Mich. Comp. Laws § 600.2961.

35. F&M has failed to pay all commissions that are due under the Agreement and has declared its refusal to pay commissions as they come due going forward.

36. More than 45 days have passed since certain of Plaintiff's commissions became due.

37. As a result, F&M is liable to Eiden for the actual damages; an amount equal to two times the amount of due but not paid commissions or $100,000, whichever is less; and, reasonable attorney fees and costs.

## COUNT III – DECLARATORY JUDGMENT

38. Plaintiff incorporates and re-alleges Paragraphs 1 through 37 as each were fully set forth herein.

39. There is a controversy between the parties as to F&M's obligations to pay post-termination commissions for sales procured by Plaintiff.

40. Pursuant to Federal Rule of Civil Procedure 57, this Court has the power to issue a declaratory judgment determining the rights and obligations of the parties pursuant to the Agreement.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendant in an amount in excess of $75,000.00 along with costs, interest, attorneys' fees, and any other relief to which it is entitled and issue a declaratory judgment determining that Defendant is liable to pay post-termination commissions for all sales procured by Plaintiff.

## **JURY DEMAND**

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Plaintiff demands a trial by jury for all issues so triable.


Dated:  November 18, 2015				**CARLSON, GASKEY & OLDS, P.C.**

						By: /s/ Brian B. Brown
						Brian B. Brown (P62733)
						Carlson Gaskey & Olds, P.C.
						400 W. Maple, Suite 350
						Birmingham, Michigan  48009
						Telephone:  (248) 988-8360
						Email: bbrown@cgolaw.com