## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

DAN EIDEN, INC.,
A Michigan corporation,

       Plaintiff,               Case No. 15-cv-14053-BAF-MJH

v.                                Hon. Bernard A. Friedman

F&M TOOL & PLASTICS, INC.,
a Massachusetts corporation,

       Defendant.

_____

### DEFENDANT F&M TOOL & PLASTICS, INC.'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
### FED.R.CIV.P. 12(b)(6)  OR, IN THE ALTERNATIVE, TO TRANSFER
### PURSUANT TO 28 U.S.C. §1404(a)

F&M Tool & Plastics, Inc. ("F&M Tool") moves this Court for the entry of

an order to dismiss Plaintiff, Dan Eiden, Inc.'s ("Plaintiff's") Complaint under Fed.

R. Civ. P. 12(b)(6) or, in the alternative, to transfer pursuant to 28 U.S.C. §1404(a).

Plaintiff's claims are based on an independent sales representative agreement

between the parties that contains a mandatory forum selection clause, which

expressly states that the Agreement shall be governed by Massachusetts law and

that the parties shall submit themselves exclusively to the jurisdiction of the state

or federal courts in Massachusetts.  This case is very similar to a case that was

before this very Court in *Smart Automotive Systems Engineering, Inc. v. ST*

*Microelectronics, Inc.*, Case No. 2:10-cv-14492-BAF-VMM wherein this Court granted the defendant's motion to dismiss based on a forum selection clause in an independent sales representative agreement and thereafter affirmed the ruling when it denied the plaintiff's motion for reconsideration. Alternatively, even if this Court declined to dismiss the entire complaint under Fed. R. Civ. P. 12(b)(6), F&M Tool respectfully requests that it be transferred pursuant to 28 U.S.C. §1404(a). Absent exceptional circumstances which are not present here, the parties' choice of forum should be given controlling weight and this matter should be transferred. *Atlantic Marine Constr. Co., Inc. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568, 581 (2013).

Pursuant to LR 7.1, on January 21, 2016, F&M Tool sought, and did not receive, Plaintiff's concurrence with this Motion.

**WHEREFORE**, for the reasons discussed more fully in the attached Brief in Support, F&M Tool respectfully requests that this Court issue an Order dismissing this case or, in the alternative, transferring the case to the Federal District Court for the District of Massachusetts, Central Section.

BUTZEL LONG, a professional corporation

By:*/s/ Bernard J. Fuhs*
        Bernard J. Fuhs (P69621)
150 West Jefferson Avenue, Suite 100
Detroit, Michigan 48226
(313) 225-7000

fuhs@butzel.com
Attorneys for Defendant

CO-COUNSEL

Mirick, O'Connell, DeMallie & Lougee, LLP
RICHARD C. VAN NOSTRAND
 (to be admitted *pro hac vice*)
1800 West Park Drive, Suite 400
Westborough, MA 01581-3941
(508) 860-1453
rvannostrand@mirickoconnell.com
Co-Counsel for Defendant

Dated:  January 21, 2016

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

DAN EIDEN, INC.,
A Michigan corporation,

        Plaintiff,                   Case No. 15-cv-14053-BAF-MJH

v.                                      Hon. Bernard A. Friedman

F&M TOOL & PLASTICS, INC.,
a Massachusetts corporation,

        Defendant.

_____

# DEFENDANT, F&M TOOL & PLASTICS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6) OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 U.S.C. §1404(a)

## **TABLE OF CONTENTS**

INDEX OF AUTHORIES ....................................................................... ii

MOST CONTROLLING AUTHORITY ............................................... iv

STATEMENTS PRESENTED ............................................................. v

INTRODUCTION ............................................................................... 1

STATEMENT OF FACTS .................................................................. 2

ARGUMENT....................................................................................... 4

   A.  Fed. R. Civ. P 12(b)(6) is an appropriate vehicle for dismissal where a defendant seeks to enforce a forum selection clause. ...................................... 4

   B.  This Court should dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P 12(b)(6). ................................................................................ 5

   C.  Alternatively, Plaintiff's claims should be transferred to the United States District Court, District of Massachusetts, Central Section pursuant to 28 U.S.C. §1404(a).............................................................................. 8

   D.  Any potential argument that Count II should somehow survive dismissal and/or transfer lacks merit. ..........................................................13

CONCLUSION ...............................................................................14

# INDEX OF AUTHORITIES

## Cases

*Arbor Beverage Co., Inc. v. Phillips Farms, LLC*,
  No. 14-CV-12907, 2015 WL 470603 (E.D. Mich. Feb. 4, 2015)..........................................14

*Banek Inc., v. Yogurt Ventures U.S.A., Inc.*,
  6 F.3d 357 (6th Cir. 1993) ..................................................................................................13

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................................2

*Bollinger Shipyards Lockport, L.L.C. v. Huntington Ingalls Inc.*,
  2015 WL 65298 (E.D. La. 2015) .........................................................................................12

*C. Thorrez Industries, Inc. v. Luk Transmission Systems, LLC*,
  2010 U.S. Dist. LEXIS 34724 (N.D. Ohio 2010) ..................................................................4

*Carnival Cruise Lines, Inc. v. Shute*,
  499 U.S. 585 (1991) .............................................................................................................8

*Cinetic Dyag Corp v. Forte Automation Systems, Inc.*,
  2008 U.S. Dist. LEXIS 90968 (E.D. Mich. 2008) .................................................................4

*Family Wireless #1, LLC v. Automotive Technologies, Inc.*,
  2015 WL 5142350 (E.D. Mich. 2015) .................................................................................11

*In re Union Elect. Co.*,
  787 F.3d 903 (8th Cir. 2014) ..............................................................................................12

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
  313 U.S. 487 (1941) ...........................................................................................................13

*Langley v. Prudential Mortgage Capital Co.*,
  546 F.3d 365 (6th Cir. 2008) ...............................................................................................4

*Lanier v. Syncreon Holdings, Ltd.*,
  2012 WL 3475680 (E.D. Mich. 2012) ..................................................................................8

*M/S Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1 (1972) ................................................................................................................8

*Partygaming Ltd.*,
  589 F.3d 821 (6th Cir. 2009) ...............................................................................................8

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) ................................................................................. 12

*Preferred Capital, Inc. v. Associates in Urology*,
    453 F.3d 718 (6th Cir. 2006) ................................................................. 6

*Security Watch Inc. v. Sentinel Sys., Inc.*,
    176 F.3d 369 (6th Cir. 1999) .............................................................. 4, 5

*Shell v. R.W. Sturge, Ltd.*,
    55 F.3d 1227 (6th Cir. 1995) .................................................................. 6

*Silberg v. Zotec Solutions, Inc.*,
    2006 WL 1007635 (E.D. Mich. 2007) ................................................. 10

*Silvis v. Ambit Energy, L.P.*,
    90 F.Supp.3d 393 (E.D. Pa. 2015) ...................................................... 12

*The Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1, 92 S. Ct. 1907, 32 L.Ed.2d 513 (1972) ............................ 11

*Turcheck v. Amerifund Fin., Inc.*,
    272 Mich. App. 341 (2006) ................................................................... 13

*United American Healthcare Corp. v. Backs*,
    997 F.Supp.2d 741 (E.D. Mich.) .......................................................... 12

*Wong v. Party Gaming Ltd.*,
    589 F.3d 821 (6th Cir. 2009) ................................................ iv, 5, 6, 7, 8

*Zukas Integrated Marketing Solutions, LLC v. Captivate Network*,
    2011 WL 4889110 (E.D. Mich. 2011) .................................................. 2

**Statutes**
28 U.S.C. §1404(a) ................................................ iv, v, 2, 4, 8, 9, 12, 15

**Other Authorities**
Michigan Sales Representative Act, Mich. Comp. Laws §600.2961 ......................................... 13

**Rules**

Fed. R. Civ. P. 12(b)(6) ....................................................... iv, 1, 4, 5, 14, 15
Fed.R.Civ.P. 12(b)(3) ............................................................................... 9

iii

## <u>MOST CONTROLLING AUTHORITY</u>

Fed.R.Civ.P. 12(b)(6), 28 U.S.C. §1404(a) and the decisions in *Wong v. Party Gaming Ltd.,* 589 F.3d 821, 828 (6th Cir. 2009) and *Atlantic Marine Constr. Co., Inc. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568, 581 (2013) dictate that the relief sought in this Motion should be granted.

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.      Whether this Honorable Court should dismiss Plaintiff's Complaint where the parties expressly agreed that Massachusetts law would govern their relationship and agreed that the state or federal courts in Massachusetts would have the exclusive jurisdiction and venue over any action arising between the parties.

        Defendant F&M Tool Answers:          Yes

2.      Alternatively, whether this Honorable Court should transfer this action to the United States District Court for the District of Massachusetts, Central Section, pursuant to 28 U.S.C. §1404(a) where the parties expressly agreed that the state or federal courts in Massachusetts would have exclusive jurisdiction and venue over any action arising between the parties.

        Defendant F&M Tool Answers:          Yes

## **INTRODUCTION**

This is an sales representative action brought by Plaintiff, Dan Eiden, Inc., against the Defendant, F&M Tool & Plastics, Inc. ("F&M Tool"), following the Plaintiff's termination as an independent sales representative by F&M Tool on September 7, 2015. In its Complaint, Plaintiff asserts claims for breach of contract (Count I), violation of the Michigan Sales Representative Commission Act (Count II), and declaratory judgment (Count III).

Plaintiff received full payment of commissions under the express terms of the parties' Independent Sales Representative Agreement (the "Agreement"). Despite that, Plaintiff claims that F&M Tool owes it additional amounts for orders placed or to be placed beyond the terms of the Agreement based upon its allegations that it "procured sales that had not yet been formalized." F&M Tool denies that it owes Plaintiff anything beyond the substantial commissions it has already paid.

Because Plaintiff's Complaint is based entirely on an Agreement wherein the parties expressly agreed that Massachusetts law would govern their relationship and agreed that the state or federal courts in Massachusetts would have the exclusive jurisdiction and venue over any action arising between the parties, this Court should dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, even if this Court declined to dismiss the entire complaint under

Fed. R. Civ. P. 12(b)(6), F&M Tool respectfully requests that it be transferred pursuant to 28 U.S.C. §1404(a).

## STATEMENT OF FACTS[1]

Plaintiff is a Michigan corporation with its principal place of business in Howell, Michigan.  Complaint ¶ 2.  The Plaintiff is an independent manufacturer's sales representative.  *Id*.  F&M Tool is a Massachusetts corporation that has a principal place of business in Leominster, Massachusetts.  *Id*. at ¶ 3.  Plaintiff served as an independent sales representative for F&M Tool for eight years.  *Id*. at ¶ 1.

On or about July 11, 2013, Plaintiff and F&M Tool executed the Agreement, a copy of which was attached to the Complaint as Exhibit A.[2]  Complaint ¶ 11. The Agreement provided that Plaintiff would continue to serve as an Independent Sales Representative on F&M Tool's behalf.  *Id*. at ¶ 12.  The Agreement was terminable by either party without cause upon 30 days written notice.  *Id*. at ¶ 14.

---

[1]  For the limited purposes of this Motion, the allegations contained in the Complaint are deemed to be true.  *Zukas Integrated Marketing Solutions, LLC v. Captivate Network*, 2011 WL 4889110, *1 (E.D. Mich. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  This Statement of Alleged Facts sets forth those allegations in the Plaintiff's Complaint pertinent to the present Motion.

[2]  For ease of reference, a copy of the Agreement is also attached to this Memorandum as Exhibit A.

2

On August 7, 2015, F&M Tool terminated the Agreement and Plaintiff's representation, effective September 7, 2015. *Id.* at ¶ 20.

The Agreement contained express jurisdictional, venue and choice of law provisions. Complaint, Exhibit A, Agreement, Section 6(c). Specifically, Section 6(c) of the Agreement provides that "any claims or legal actions by one party against the other arising out of the relationship between the parties contemplated herein (whether or not arising under this Agreement) shall be governed by Massachusetts law [and] shall be commenced and maintained in state or federal court located in Worcester County, Massachusetts." *Id.*, Exhibit A. The Agreement contained hand-written deletions and interlineations made and initialed by Plaintiff. These modifications did not affect the choice of forum or choice of law provisions. *Id.*, Exhibit A, Sections 4 and 5.

Plaintiff filed its Complaint in this Court despite the express provisions of the Agreement requiring that suit be commenced in a Court in Massachusetts. Plaintiff also asserted a claim pursuant to the Michigan Sales Representative Commission Act (Count II) despite the choice of law provisions of the Agreement.

## ARGUMENT

**A.    Fed. R. Civ. P 12(b)(6) is an appropriate vehicle for dismissal where a defendant seeks to enforce a forum selection clause.**

In *Cinetic Dyag Corp v. Forte Automation Systems, Inc.,* 2008 U.S. Dist. LEXIS 90968 (E.D. Mich. 2008), Judge Borman observed that "[t]he Sixth Circuit…allows a parties (sic) to enforce a forum selection clause through a motion to dismiss under Rule 12(b)(6)." *Id.* (citing *Security Watch Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 371, 375-75 (6th Cir. 1999) (affirming the district court's dismissal under an unspecified subsection of Rule 12(b) in enforcing a forum selection clause); *Langley v. Prudential Mortgage Capital Co.*, 546 F.3d 365, 369 (6th Cir. 2008) (implying that a forum selection clause only can be enforced either through a motion to transfer venue under 28 U.S.C. §1404(a) or a motion to dismiss under Rule 12(b)(6) for failure to state a claim)); *see also C. Thorrez Industries, Inc. v. Luk Transmission Systems, LLC*, 2010 U.S. Dist. LEXIS 34724 (N.D. Ohio 2010) (citing *Langley, supra*, "[t]he Sixth Circuit has implicitly endorsed Rule12(b)(6) as a proper vehicle upon which to dismiss a case where a defendant seeks to enforce a forum selection clause").

The Sixth Circuit provides a three-factor analysis to be applied to a Rule 12(b)(6) motion to enforce a forum selection clause (adopting the *Restatement (Second) of Conflict Laws* approach):

> A forum selection clause should be upheld absent a strong showing that it should be set aside. When evaluating the enforceability of a forum selection clause, this court looks to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced.

*Wong v. Party Gaming Ltd.,* 589 F.3d 821, 828 (6th Cir. 2009) (citations omitted); *see also Security Watch, supra* at 374-375 (citing *Restatement (Second) of Conflict of Laws* § 80 (1988 Revision), "forum-selection clauses generally are enforced by modern courts unless enforcement is shown to be unfair or unreasonable").

**B.      This Court should dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P 12(b)(6).**

Under the standard set forth in *Wong* and *Security* above, the forum selection clause in the Agreement between Plaintiff and F&M Tool should be upheld absent a strong showing by Plaintiff that it should be set aside. Simply put, though, Plaintiff cannot come close to meeting its burden to set aside the forum selection clause under the Sixth Circuit standard.

First, there is no suggestion whatsoever in Plaintiff's Complaint that the Agreement was "obtained by fraud, duress or unconscionable means." Plaintiff is actually seeking to enforce the Agreement in this lawsuit – not void the Agreement. Additionally, the parties operated in good faith for nearly eight years

5

in total, with the last two years under the terms of the Agreement.   This conduct, combined with a complete absence of any allegations in the Complaint of any sort of claimed fraud or duress, demonstrates that Plaintiff cannot meet the first factor of the analysis.   Indeed, the fact that the contract was executed between sophisticated business entities belies any suggestion of fraud or duress.   In any event, Plaintiff has made no such claim. *See Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718, 722 (6th Cir. 2006) (upholding a forum selection clause where the party opposing the clause failed to offer any evidence showing that it did not knowingly and willingly consent to the inclusion of the clause).

Second, Plaintiff cannot show that a Massachusetts tribunal (specifically, the Federal District Court for the District of Massachusetts, Central Section) would ineffectively or unfairly handle this suit.   The Sixth Circuit emphasized in *Wong* that "different or less favorable foreign law or procedure alone does not satisfy this prong." *Wong, supra* at 829 (citing *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995).   Indeed, Plaintiff, agreed that any dispute related to the Agreement would be governed by Massachusetts law and would be brought in Massachusetts.

In *Wong*, the Sixth Circuit affirmed a forum selection for Gibraltar in an online poker game contract and observed that "under [the second] prong, we have previously enforced forum selection clauses that specified an English forum, a German forum and a Brazilian forum." *Wong, supra* at 829.   As such, any

6

argument that a Massachusetts forum would be ineffective and unfairly handle this suit would be disingenuous at best.

Third, Plaintiff cannot show that litigating in Massachusetts (as the parties expressly agreed) would be so inconvenient that enforcement of the forum selection clause would be unjust or unreasonable. In *Wong*, the plaintiffs were Ohio residents who had agreed to a forum selection of Gibraltar in an online poker game contract. The Sixth Circuit affirmed the Gibraltar forum selection clause, reasoning as follows:

> This finding must be based on more than mere inconvenience of the party seeking to avoid the clause. *Id.* We have previously held that enforcement of a forum selection clause would not be unreasonable where the opposing party failed to produce any evidence that it was exploited or unfairly treated. Further, the [United States] Supreme Court has held that a forum selection clause is not unreasonable simply because it appears in a non-negotiated consumer contract. In this case, plaintiffs are not sophisticated business entities with the ability to negotiate the forum, and continuing the suit in Gibraltar would no doubt be an inconvenience. Yet even with these considerations, plaintiffs have not carried their 'heavy burden' of showing that enforcing this forum selection clause would be unjust or unreasonable.

*Wong, supra* at 829-830. Here, Plaintiff simply cannot carry its "heavy burden" of showing that enforcement of the Massachusetts forum selection clause would be unjust or unreasonable. In fact, the analysis is easier in this case than it was in *Wong*. Texas is not Gibraltar and, unlike the plaintiffs in *Wong*, Plaintiff is a

sophisticated party that agreed to Massachusetts as the forum in which contractual disputes would be decided by the parties.

**C.   Alternatively, Plaintiff's claims should be transferred to the United States District Court, District of Massachusetts, Central Section pursuant to 28 U.S.C. §1404(a).**

As set forth above, the parties expressly included a mandatory forum selection clause in the Agreement that any litigation between them "shall be commenced and maintained in state or federal court located in Worcester County, Massachusetts."  Forum selection clauses should control absent a strong showing by the party challenging the provision that enforcement would be unjust and unreasonable and they should be set aside.  *Wong v. Partygaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009) (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)); *Lanier v. Syncreon Holdings, Ltd.*, 2012 WL 3475680 *6 (E.D. Mich. 2012) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 12 (1972)) (forum selection clauses "are 'prima facie valid' and should be enforced absent some compelling and countervailing reason).

In the case of *Atlantic Marine Constr. Co., Inc. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013), the United States Supreme Court clearly held that the parties' contractual selection of venue should be honored and transfer to the selected forum should be ordered

pursuant to 28 U.S.C. §1404(a), except in extraordinary or exceptional circumstances not present here.

In *Atlantic Marine*, Atlantic Marine Construction Co., Inc. ("Atlantic") subcontracted with the original plaintiff J-Crew Management, Inc. ("J-Crew") to perform work on a construction project in Texas. The subcontract contained a forum selection clause requiring that all disputes be litigated in Virginia. Despite that language, J-Crew sued Atlantic in Texas. In the District Court, Atlantic unsuccessfully moved to dismiss under 28 U.S.C. §1406(a) and Fed.R.Civ.P. 12(b)(3). Atlantic also unsuccessfully moved in the alternative to transfer the matter to federal court in Virginia pursuant to 28 U.S.C. §1404(a). Both motions took their root in the forum selection clause.

With respect to the Motion to Dismiss, the Supreme Court held that dismissal should be ordered under 28 U.S.C. §1406(a) or Rule 12(b)(3) only where venue is "wrong" or "improper." Finding neither to be the case, the Court affirmed the denial of the Motion to Dismiss. 134 S. Ct. at 577-79. With respect to the Motion to Transfer, however, the Court vacated denial of Atlantic's Motion to Transfer and ordered the lower court to transfer pursuant to 28 U.S.C. §1404(a) in accordance with the forum selection clause. *Id.* at 581-84.

28 U.S.C. §1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it might have been brought or to any district or division to which all parties have consented."  In a typical case *not* involving a forum selection clause, a court must evaluate both the convenience of the parties and various public interest considerations.  The burden is upon the party seeking transfer to establish that the transfer is warranted.[3]

When the parties' contract contains a forum selection clause as here, however, *Atlantic Marine* has made it clear that this evaluation methodology is significantly altered.  Specifically, the clause, bargained for by the parties, should be considered to be the representation of the parties' agreement as to the most proper forum designed to protect their legitimate expectations.  The burden of establishing that the transfer to the selected forum is *unwarranted* therefore shifts to the party opposing the transfer.  *Atlantic Marine*, 134 S. Ct. at 581.

In the challenging party's effort to satisfy that burden, none of the factors that would otherwise relate to the parties' private interests should be considered. Instead, the Court must deem those private-interest factors to "weigh entirely in

---

[3] The factors to be considered include a review of both private and public interests.  Private interests typically include the convenience of the parties and the witnesses; accessibility of the sources of proof; the costs of securing testimony from witnesses; practical problems associated with trying the case in the least expensive and most expeditious fashions; and the plaintiff's original choice of forum.  Public interests include the relative congestion in the courts of the two forums; the public's interest in having local controversies adjudicated locally; and the relative familiarity of the two courts with the applicable law. *Silberg v. Zotec Solutions, Inc.*, 2006 WL 1007635, *2 (E.D. Mich. 2007).

favor" of the forum selected by the parties' in their forum selection provision.  *Id.* at 582.  Whatever inconvenience Plaintiff would suffer by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting and should be given no weight.  *Id.* (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17-18, 92 S. Ct. 1907, 32 L.Ed.2d 513 (1972)).

The Court in *Atlantic Marine* elaborated on this rationale stating "a forum selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place." *Atlantic Marine*, 134 S. Ct. at 583.

The Court should, therefore, consider only arguments about the public interest factors. *Atlantic Marine*, 134 S. Ct. at 581.  As a starting point, the interest of justice is served by holding parties to their bargain. *Family Wireless #1, LLC v. Automotive Technologies, Inc.*, 2015 WL 5142350 *7 (E.D. Mich. 2015) (citing *Atlantic Marine*, 134 S. Ct. at 583).  Other public interest factors typically include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with

11

jury duty. *United American Healthcare Corp. v. Backs*, 997 F.Supp.2d 741, 750 (E.D. Mich.) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)).

Only if there are extraordinary or exceptional circumstances of a public interest nature (unrelated to the convenience of the parties) that "overwhelmingly disfavor" a transfer, should transfer be denied. *Id.* at 583. Not surprisingly, only rarely will an opposing party be able to make such a case. *Id.* at 581. *See In re Union Elect. Co.*, 787 F.3d 903, 909 (8th Cir. 2014) (extraordinary circumstances not found, forum selection provision enforced by transfer). But *see Silvis v. Ambit Energy, L.P.*, 90 F.Supp.3d 393, 399-400 (E.D. Pa. 2015) (extraordinary circumstances found; transfer denied on the basis of the public interest in local adjudication due to Pennsylvania's historical and ongoing regulation of electricity); *Bollinger Shipyards Lockport, L.L.C. v. Huntington Ingalls Inc.*, 2015 WL 65298, at *4 (E.D. La. 2015) (transfer denied for reasons of judicial economy; matter had been pending for six years and the assigned judge had made several substantive rulings and was very familiar with the case).

No exceptional or extraordinary circumstances related to the public interest are present here that warrant disregarding the forum selected by the parties. Accordingly, transfer pursuant to 28 U.S.C. §1404(a) should be ordered.

**D.      Any potential argument that Count II should somehow survive dismissal and/or transfer lacks merit.**

In Count II of its Complaint, Plaintiff alleges that F&M Tool has violated the Michigan Sales Representative Act, Mich. Comp. Laws §600.2961 (the "MSRA"), by "failing to pay all commissions that are due under the Agreement and declar(ing) its refusal to pay commissions as they come due going forward." Complaint ¶ 35.   Unquestionably, Plaintiff's alleged claim in this Count arises solely under Michigan law.

As set forth above, in addition to contractually selecting a Massachusetts forum for any litigation, the parties also contractually agreed that Massachusetts law would govern their relationship.   Specifically, the parties agreed that "any claims or legal actions by one party against the other arising out of the relationship between the parties contemplated herein (whether or not arising under this Agreement) shall be governed by Massachusetts law …"[4]

A Court sitting in diversity jurisdiction must ordinarily apply the conflict of law rules of the state in which it sits. *Banek Inc., v. Yogurt Ventures U.S.A., Inc.*, 6 F.3d 357, 361 (6th Cir. 1993) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 490 (1941)) (citations omitted).   Typically, this means that the law of the court in which the suit was originally brought should apply.   Where a plaintiff has

---

[4]    Michigan's public policy favors the enforcement of contractual choice-of-law provisions. *Turcheck v. Amerifund Fin., Inc.*, 272 Mich. App. 341, 345 (2006).

13

inappropriately filed suit flouting a forum selection clause, however, the Court must reject that principle because a plaintiff is not entitled to any concomitant "state-law advantages" that might flow from that inappropriate filing. *Atlantic Marine*, 134 S. Ct. at 583. "Not only would it be inequitable to allow the plaintiff to fasten its choice of substantive law to the venue transfer, but it would also encourage gamesmanship." *Id.* Accordingly, Massachusetts law should apply and any claim based upon the Michigan statute should be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

In the alternative, Count II of the Complaint should be transferred[5] to the federal court in Massachusetts along with Counts I and III for the reasons stated above.

## CONCLUSION

For the foregoing reasons, Defendant F&M Tool respectfully requests that the forum selection clause agreed to by the parties be enforced and that this case dismissed as failing to state a claim upon which relief can be granted.

---

[5] In *Arbor Beverage Co., Inc. v. Phillips Farms, LLC*, No. 14-CV-12907, 2015 WL 470603 (E.D. Mich. Feb. 4, 2015) this Court refused to transfer venue, holding that the forum selection clause was invalid based upon prohibitions expressly found in the Michigan Liquor Control Code of 1998. 2015 WL 470603 *5 (E.D. Mich. 2015). No such prohibitive language is present in the MSRA that would warrant invalidation of the forum selection clause here and denial of such a transfer.

14

Alternatively, even if this Court declined to dismiss the entire complaint under Fed. R. Civ. P. 12(b)(6), F&M Tool respectfully requests that it be transferred pursuant to 28 U.S.C. §1404(a).

Respectfully submitted,

BUTZEL LONG, a professional corporation

By:/s/ Bernard J. Fuhs
        Bernard J. Fuhs (P69621)
150 West Jefferson Avenue, Suite 100
Detroit, Michigan 48226
(313) 225-7000
fuhs@butzel.com
Attorneys for Defendant

CO-COUNSEL

Mirick, O'Connell, DeMallie & Lougee, LLP
RICHARD C. VAN NOSTRAND
 (to be admitted *pro hac vice*)
1800 West Park Drive, Suite 400
Westborough, MA 01581-3941
(508) 860-1453
rvannostrand@mirickoconnell.com
Co-Counsel for Defendant

Dated:  January 21, 2016

1587857.1

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 21, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

Respectfully submitted,

BUTZEL LONG, a professional corporation

By:<u>*/s/ Bernard J. Fuhs*</u>
    Bernard J. Fuhs (P69621)
150 West Jefferson Avenue, Suite 100
Detroit, Michigan 48226
(313) 225-7000
fuhs@butzel.com
Attorneys for Defendant