# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**DAN EIDEN, INC.,**
a Michigan corporation,

      Plaintiff

v.

      Case No.: 2:15-cv-14053-BAF-MJH
      Hon. Bernard A. Friedman

**F&M TOOL & PLASTICS, INC.,**
a Massachusetts corporation,

      Defendant.

_____/

## DECLARATION OF DAN EIDEN

I, Dan Eiden, declare:

1. I am the president of Dan Eiden, Inc. ("Eiden"), the plaintiff in the above captioned action. If sworn as a witness in this matter, I can testify competently to the facts contained in this affidavit.

2. From 2008 to 2015, I was an independent sales representative selling plastic goods and servicing customers for Defendant F&M Tool & Plastics, Inc. ("F&M").

3. F&M and Eiden signed a sales representative agreement on or about September 16, 2008. Under this agreement, I was free to service other accounts as long as they did not compete directly with F&M. The agreement did not contain a clause requiring disputes to be litigated in Massachusetts.

1

4. As Eiden grew sales for F&M, F&M insisted that Eiden decline to represent other non-competitive products and required Eiden to hire two additional employees.

5. As a result, revenue from Eiden's F&M sales activities grew to be the most significant portion of the company's revenue. At the time of termination in 2015, commissions from F&M sales represented 77% of Eiden's annual revenue.

6. During the course of the relationship, F&M requested that I sign a revised sales representative agreement. Eiden, at the time, was completely dependent on F&M and the loss of the account would have been financially devastating—as F&M well knew.

7. Eiden objected to signing the modified agreement repeatedly. Eventually, in the fact of continued pressure and as a result of its precarious financial situation, Eiden was compelled to sign a sales commission agreement in 2013 that included a forum selection clause (Exhibit 1 to Plaintiff's Complaint).

8. The loss of income from the F&M business has been economically devastating to Eiden. It is unclear at this time how Eiden could bear the costs of litigating this action in Massachusetts if forced to proceed there.

9. In addition, to the economic cost, Eiden would have difficulty actively participating in litigation and trial in Massachusetts. The company currently only

2

has three Michigan-based employees, including my wife and me, and my presence in Michigan and on sales calls is necessary and indispensable.

10. The customers contacts I primarily solicited and serviced on behalf of F&M are not located in Massachusetts; they are primarily based in the upper-Midwest. For example, my primary customer contact at Michigan-based Meijer, Inc. is located in Grand Rapids, Michigan. The buyers I dealt with from Sears, True Value, and Aldi's are based in the Chicago metro area. Wisconsin is the residence of buyers from Shopko and Menards. The buyer at Target is located in Minnesota. Finally, the buyer from Marc's is based in Cleveland, Ohio.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   February 16, 2016          By: _____
                                         DAN EIDEN

3