IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DAN EIDEN, INC.,
a Michigan corporation,

      Plaintiff

V.

F&M TOOL & PLASTICS, INC.,
a Massachusetts corporation,

      Defendant
_____/

Case No.: 2:15-cv-14053-BAF-MJH
Hon. Bernard A. Friedman

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL
PROCEDURE 12(b)(6) OR, IN THE ALTERNATIVE,
TO TRANSFER PURSUANT TO 28 U.S.C. §1404(a)**

A. **Plaintiff Cannot Show Exceptional Circumstances to Warrant Overriding The Forum Selection Clause Agreed To By The Parties.**

*Wong v. Partygaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009), and *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Texas*, 134 S. Ct. 568 (2013), are dispositive as to this motion. In those cases, as here, the parties contractually selected their forum and one party filed in a forum contrary to that choice. Where such a Forum Selection Clause exists, a court is required to enforce it except where a party can carry its *heavy* burden of showing "exceptional circumstances," i.e., that party would be deprived of a remedy if forced to litigate in the chosen forum. Despite its attempt to conflate the importance of alleged public policy concerns including the Michigan Sales Representative Commission Act ("MSRCA"), Plaintiff simply has not and cannot carry this very *heavy* burden. *See Turcheck v. Amerifund Financial, Inc.*, 272 Mich. App. 341, 348 (2006) (Michigan's public policy favors the enforcement of Forum Selection Clauses; complaint for unpaid commissions dismissed).

This is most readily seen by examining the precedents cited by the respective parties. In *Wong*, the Sixth Circuit enforced a Forum Selection Clause that required an Ohio consumer to litigate in Gibraltar. Despite fewer judicial safeguards and the inconvenience of litigating in the extremely distant forum, the Court found that the chosen forum was not so inadequate that the plaintiff was deprived of a remedy. 589 F.3d at 829. The Court also found unavailing the plaintiff's argument that the operation of the parties' choice of law clause would negate the plaintiff's claim pursuant to the

1

Ohio consumer protection statute. *Id.* at 832. Here, in contrast, Plaintiff is a sophisticated business corporation, the Forum Selection Clause was part of the Agreement, several terms of which were modified by Plaintiff, and the selected forum is another court in the United States federal system. Further, Massachusetts is not nearly as inconvenient for Plaintiff here as Gibraltar was for the plaintiff in *Wong*—especially given that Plaintiff has admittedly spent years selling to "national retailers" *outside* of Michigan. [Dkt. 13 at Pg ID 63].

In *Atlantic Marine*, the Court, in holding that the case must be transferred, underscored that a Forum Selection Clause should be given "controlling weight in all but the most exceptional cases."[1] Only public interest factors should be considered and those factors will "rarely defeat" the transfer motion because "[i]n all but the most unusual cases, the interest of justice is served by holding the parties to their bargain." 134 S. Ct. at 583. Moreover, the Court reasoned that the Forum Selection Clause "may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place." *Id.*

Here, the inclusion of the Forum Selection Clause was a critical factor in the Defendant's willingness to continue its relationship with Plaintiff. **Ex. A**, Gasbarro

---

[1] The facts of *Atlantic Marine* are also supportive. In that case, a Texas subcontractor brought suit in Texas against the general contractor despite a Forum Selection Clause mandating that litigation be brought in Virginia. The United States Supreme Court held that the case must be transferred.

2

Decl. at ¶14.[2] Moreover, there is no substantial interest of justice in the case remaining in Michigan. Plaintiff's Response admits the national scope of its work—Plaintiff repeatedly refers to its sales to "national retailers" and "national key accounts." [Dkt. 13, Pg ID 63-64]. Plaintiff readily admits that most of its accounts are in other states in the Midwest. Thus, a substantial amount of work for Defendant, a Massachusetts-based company, occurred *outside* of Michigan and Plaintiff understood this when it agreed to redress grievances in a Massachusetts forum.

Plaintiff's brief, however, does not address these critical facts. Instead, Plaintiff attempts to dodge the issue by citing a series of cases that do not even involve forum selection clauses.[3] In the few cases cited in Plaintiff's brief that did involve forum selection clauses, the outcome was to enforce the clause. *See Delta Alcohol Distribs. v. Anheuser Busch Int'l, Inc.*, 28 F.Supp. 3d 682 (E.D. Mich. 2014) (case dismissed on the basis of the Forum Selection Clause); *Rinks v. Hocking*, 2011 WL 691242 (W.D. Mich. 2011) (transfer denied and Forum Selection Clause requiring Michigan courts honored). Tellingly, Plaintiff does not cite to a single case where a Forum Selection Clause was actually disregarded, which is what Plaintiff is asking the Court to do here.

---

[2]  The attached declaration relates to Defendant's alternative relief to transfer only, and not to its arguments under Fed. R. Civ. P. 12(b)(6).

[3]  *See e.g. Phelps v. McClellan*, [Dkt. 13, Pg ID 68], *IFL Group, Inc. v. World Wide Flight Servs.,* [Pg ID 68]; *Howting-Robinson Assocs. v. Bryan Custom Plastics*, (choice of law, not Forum Selection Clause in issue)[Pg ID 69-70]; *Linsell v. Applied Handling*, [Pg ID 69]; *Walters v. Bloomfield Hills Furniture*, [Pg ID 69]; *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth* [Pg ID 72]; *Overland, Inc. v. Taylor*, [Pg ID 73].

**B.     Public Policy Interests Support The Parties' Choice Of Forum.**

Both parties cite to the same three-prong standard that a court should apply in evaluating the enforceability of a forum selection clause. Specifically, a court should look to the following factors: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong*, 589 F.3d at 828. Nevertheless, Plaintiff makes no direct argument with respect to any of those factors to support its argument that the Forum Selection Clause is unenforceable. Instead, it indirectly insinuates facts and arguments suggestive of that conclusion. The Court should disregard these "back door" arguments for the following reasons.

*The Fraud, Coercion Prong.* The Agreement containing the Forum Selection Clause on its face reflects that Plaintiff successfully negotiated certain terms while leaving the Forum Selection Clause and the choice-of-law provisions intact.[4]   *See* Cmpl., Exhibit 1; **Ex. A** at ¶¶12-14. Clearly, no argument could be credibly made that the Forum Selection Clause was the product of fraud, coercion, or other unconscionable means. *See Preferred Capital, Inc. v. Assoc. in Urology*, 453 F.3d 718, 722 (6th Cir.

---

[4] Plaintiff struck a provision requiring that Plaintiff secure insurance in amounts acceptable to Defendant. In addition, Plaintiff added language defining the reasons upon which a termination for cause could be based. Further, since 2008, the Agreement was always terminable by either party without cause upon 30 days' written notice. *See* Dkt. 13, Exhibit 1.

4

2006), citing *Moses v. Bus. Card Express*, 929 F.2d 1131, 1138 (6th Cir. 1991) (any claim of fraud must go to the Forum Selection Clause; allegations of general fraud are insufficient to override the parties' forum choice); *Wong*, 589 F.3d at 828 (party opposing Forum Selection Clause must show fraud in the inclusion of the clause itself).

*The Ineffective Forum Prong.* There is no basis to suggest that the federal district court in Worcester, Massachusetts would "ineffectively or unfairly handle the suit" despite references in Plaintiff's Opposition to certain statistics that suggest the Massachusetts court is overly congested. This reference is without merit and belied by other statistics that show little difference between the two.[5]

*The "Seriously Inconvenient" Prong.* While Plaintiff references a few of the traditional convenience factors in its Opposition, it does so only in the context of 28 U.S.C. §1404(a) transfers where no Forum Selection Clause exists. As is clear from *Atlantic Marine*, the inconvenience necessary to carry the "heavy burden" of overriding a Forum Selection Clause far transcends the garden variety inconvenience cited and

---

[5] In contrast to the statistics cited by Plaintiff, the same annual reporting by court administration paints a very different picture. The "weighted filings" per judgeship (which take into consideration the complexity of cases and amount of time required to handle) for the 12 month period ending March 31, 2015, in the Massachusetts District Court was 383 whereas the "weighted filings" per judgeship in the Eastern District of Michigan was 414. In addition, the median time from filing to disposition of civil cases was 9.2 months in the Massachusetts District and 8.8 months in the Eastern District of Michigan. The median time from filing to trial of civil cases was 29.1 months in the Massachusetts District and 32.1 months in the Eastern District of Michigan. From these statistics, no argument can be made that this case will suffer delay or be ill-served if transferred to Massachusetts. **Ex. B.**

must rise to such a level that Plaintiff would be wholly deprived of its remedy. No such argument can be made here particularly when compared to the Gibraltar forum selection enforced in the *Wong* case.[6]

### C. The Public Factors Support The Parties' Choice Of Forum.

Even where a Forum Selection Clause is present, a court should consider the public factors. As set forth above, Plaintiff must meet a "heavy burden" to show that the public factors constitute the rare and exceptional circumstances that would override the parties' choice. In that regard, Plaintiff repeatedly references its claim under the MSRCA and argues that the existence of this law mandates that the case remain in Michigan. Notably, though, the MSRCA does not prohibit forum selection clauses. MCL 600.745; *see Nova Electrical Assoc. v. Contract Electronics, Inc.*, 1997 WL 33344120 *2 (Mich. App. 1997) (**Ex. C**) (enforceability of Forum Selection Clause in claim under MSRCA acknowledged and MCL 600.2961(7) specifically addresses jurisdiction).

Further, Massachusetts law provides a long and well-developed body of case law relative to when commissions are earned and when post-termination commissions must be paid. *See Maddaloni v. Western Mass. Bus Lines, Inc.*, 386 Mass. 877 (1982*); Gram v. Liberty Mutual Insurance Co.*, 384 Mass. 659 (1981); *Fortune v. National Cash*

---

[6] As set forth above, Plaintiff concedes that its sales efforts for the Defendant extended beyond the borders of Michigan and across several Midwestern states including Minnesota, Wisconsin, Ohio, and Illinois. Were this case to remain in Michigan, it would be inconvenient not only for Defendant's four primary witnesses, but also for a number of the non-party witnesses. Ex A, ¶¶24-25.

*Register Co.*, 373 Mass. 96 (1977). As such, there is no basis to suggest that Plaintiff will be without a remedy if the case is transferred and Massachusetts law applies or that a Massachusetts Court could not fairly apply the MSRCA if Count II were not dismissed.

Finally, Plaintiff incredibly argues that Massachusetts has no local interest in the resolution of this matter, ignoring the fact that the Defendant is headquartered in Massachusetts, has dozens of employees, the vast majority of whom are located there and the company is a financial contributor to the well-being of its Massachusetts community. **Ex. A,** ¶¶2-3.

Based on the foregoing, Defendant's Motion must be granted and Plaintiff's claims dismissed or, in the alternative, transferred.

By:*/s/Bernard J. Fuhs*
Bernard J. Fuhs (P69621)
Butzel Long, a professional corporation
150 West Jefferson Avenue, Suite 100
Detroit, Michigan 48226
(313) 225-7000
fuhs@butzel.com
Attorneys for Defendant

Dated: March 2, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel registered electronically.

By: */s/Bernard J. Fuhs*
Bernard J. Fuhs (P69621)
Butzel Long, a professional corporation