# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**DAN EIDEN, INC.,**
a Michigan corporation,

CASE NO.: 2:15-CV-14053-BAF-MJH
HON. BERNARD A. FRIEDMAN

Plaintiff

V.

**F&M TOOL & PLASTICS, INC.,**
a Massachusetts corporation,

Defendant

/

## DECLARATION OF MARK GASBARRO

I, Mark Gasbarro, declare:

    1. I am the President of F&M Tool & Plastics, Inc. ("F&M"), the Defendant in the above captioned matter. I have personal knowledge of the facts set forth herein except where otherwise noted.

    2. F&M is a manufacturer of plastic products for a variety of national retailers. F&M is incorporated in the Commonwealth of Massachusetts and is headquartered in Leominster, Massachusetts. We are a significant contributor to the local and state economies.

    3. We presently employ 94 individuals. Nearly all of our employees are located in Massachusetts.

    4. While we also have warehousing facilities in three other states, only two of our employees work outside of Massachusetts – one in Virginia and one in Canada. We have no employees in Michigan.

    5. Beginning in 2008, the Plaintiff Dan Eiden, Inc., served as an independent sales representative group for F&M, pursuant to a letter agreement previously submitted in this case. This agreement was negotiated and I signed it in Massachusetts.

    6. The agreement could be terminated by either party without cause upon 30 days' written notice.

    7. The Plaintiff represented our products in several Midwestern states including Minnesota, Wisconsin, Ohio and Michigan.

    8. Over the years that the Plaintiff represented F&M, we paid hundreds of thousands of dollars in commissions to the Plaintiff.

    9. In recent years, the Plaintiff's efforts to sell our products declined. We also received complaints from customers regarding the Plaintiff.

    10. In 2013, F&M and the Plaintiff discussed a new letter agreement.

    11. F&M made no effort to coerce the Plaintiff into signing a new agreement. I assume that the Plaintiff considered its various options as did F&M in deciding whether to continue the relationship.

    12. The Plaintiff requested changes to the draft of that agreement. These changes included the elimination of an insurance provision. It also included

adding the definition of reasons that could result in an immediate termination for cause.

13. The new letter agreement carried forward the ability of either party to terminate the relationship without cause upon 30 days' written notice. The Plaintiff expressed no concern with carrying forward this without cause termination provision.

14. The new agreement contained choice-of-forum and choice-of-law provisions, both selecting Massachusetts. This was critical for F&M's willingness to continue to work with the Plaintiff. The Plaintiff expressed no concern for the choice-of-forum or choice-of-law provisions and made no effort to change them.

15. In June or July 2013, F&M and the Plaintiff signed the new letter agreement. I signed it on behalf of F&M in Massachusetts. This letter agreement has also been previously submitted in this case.

16. The Plaintiff continued to represent our products in the same Midwestern states as before including Minnesota, Wisconsin, Illinois, Ohio and Michigan.

17. In 2015, F&M again considered its various options with respect to the relationship with the Plaintiff.

18. We offered the Plaintiff the opportunity to continue our relationship on modified terms that better suited F&M's interests.

19. The Plaintiff rejected our proposed terms.

20. F&M therefore concluded that the value being provided by the Plaintiff did not warrant continuation of the relationship. We therefore gave the 30 day written notice of termination without cause as provided for in the agreement. That termination became effective on September 7, 2015.

21. The Plaintiff had earned commissions on orders that were placed prior to September 7, 2015, but which had not yet come due by that date. We paid several thousand dollars to the Plaintiff after September 7, 2015, for those commissions that came due after that date.

22. We paid all commissions owed to the Plaintiff in full.

23. There is no basis for the Plaintiff's claim that it is owed any commissions.

24. If this matter moves forward, all F&M witnesses, including myself, our Chief Financial Officer Michael Brockmann, our Chief Marketing Officer Marie-Eve Quimper and our Finance Manager Brenda Baron, reside in Massachusetts. If this matter remains in Michigan, it will be very inconvenient for our witnesses to attend hearings or trial in Michigan. All of our documents pertinent to the Plaintiff are also located in Massachusetts.

25. The Plaintiff's customers from whom discovery may be sought are spread throughout several Midwestern states – Minnesota, Wisconsin and Illinois. With the exception of those located in Michigan and possibly Ohio, I believe that most if not all are more than 100 miles away from Detroit where this case is pending.

Signed under the pains and penalties of perjury this 29 day of February, 2016.

Mark Gasbarro