# EXHIBIT C

1997 WL 33344120
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Appeals of Michigan.

NOVA ELECTRICAL ASSOCIATION, INC., Plaintiff-Appellant,
v.
CONTACT ELECTRONICS, INC., Defendant-Appellee.

No. 192259.
|
Aug. 22, 1997.

Before: MARKEY, P.J., and BANDSTRA and HOEKSTRA, JJ.

UNPUBLISHED

PER CURIAM.

*1 Plaintiff Nova Electrical Association, Inc. appeals as of right from an order granting defendant Contact Electronic, Inc.'s motion for summary disposition for the reason that the parties contractually agreed that all litigation arising out of their relationship would be brought in a New Jersey court. We remand for further proceedings consistent with this opinion.

On April 1, 1993, plaintiff, a Michigan corporation, and defendant, a New Jersey corporation, entered into an agreement pursuant to which plaintiff became defendant's exclusive agent for purposes of soliciting orders for Epic Connectors in Michigan. The parties' agreement contains both a forum selection clause and a choice of law provision. Paragraph 11 of the agreement states:
*CONSTRUCTION. GOVERNING LAW AND JURISDICTION.* All matters pertaining to the validity, construction, enforcement and effect of this Agreement shall be governed by the laws of the State of New Jersey and the parties hereby submit to the jurisdiction of the Courts of New Jersey, which shall be the only State to have jurisdiction, for all purposes dealing with this Agreement or breach or enforcement thereof, regardless of which State any one or more of the parties may reside in at the time any dispute arises.

Defendant terminated the agreement in 1995, and plaintiff thereafter commenced this action asserting claims for breach of contract, tortious interference with a contract, and a cause of action to recover commissions under the Michigan sales representative statute, M.C.L. § 600.2961; MSA 27A.2961.

On appeal, plaintiff argues that the trial court erred in finding the forum selection clause contained in the parties' contract enforceable because the sales representative statute, M.C.L. § 600.2961; MSA 27A.2961, requires the court to entertain the action. MCL 600.745(3)(a); MSA 27A.745(3)(a). We disagree.

Subsection (7) of the sales representative statute directs that "jurisdiction shall be determined in accordance with chapter 7 [MCL 600.701 *et seq.,* M.S.A. § 27A.701 *et seq.*]." M.C.L. § 600.2961(7); MSA 27A.2961(7). MCL 600.745(3); MSA 27A.745(3), contained within chapter 7, provides:
If the parties agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court shall dismiss or stay the action, as appropriate, unless any of the following occur:

(a) The court is required by statute to entertain the action.

(b) The plaintiff cannot secure effective relief in the other state for reasons other than delay in bringing the action.

(c) The other state would be a substantially less convenient place for the trial of the action than this state.

(d) The agreement as to the place of the action is obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.

(e) It would for some other reason be unfair or unreasonable to enforce the agreement.

*2 Although arguably the court would, at minimum, have limited personal jurisdiction over defendant because it transacted business within the state, M.C.L. § 600.715; MSA 27A.715, the sales representative statute neither prohibits forum selection clauses nor precludes application of M.C.L. § 600.745; MSA 27A.745. Given the wording of the sales representative statute, plaintiff is unable to meet the

exception to the enforcement of forum selection and choice of law provisions contained in M.C.L. § 600.745(3)(a); MSA 27.745(3)(a). Therefore, we find no error in the trial court's determination that sales representative statute did not require the court to entertain the action.[1]

Next, plaintiff argues that the trial court should have found the forum selection provision contained in the contract unenforceable because one of the other four exceptions to enforceability contained in M.C.L. § 600.745(b)-(e); MSA 27A.745(b)-(e) were met. We are unable to review these claims at this time because the trial court made no findings relative to these other subsections. Therefore, we find it necessary to remand the case to the trial court for a hearing to determine whether any of the other exceptions to enforceability contained in subsections (3)(b)-(e) have been met. The parties should be allowed to submit additional evidence, if necessary.

Remanded. We do not retain jurisdiction.

**All Citations**

Not Reported in N.W.2d, 1997 WL 33344120

Footnotes

1   Plaintiff additionally argues that the forum selection clause is rendered void and unenforceable by M.C.L. § 445.1527(f); MSA 19.854(27)(f), a section of the Michigan Franchise Investment Law ("MFIL"), M.C.L. § 445.1501 *et seq.;* MSA 19.854(1) *et seq.* However, the MFIL only applies to agreements between a franchisor and fanchisee in connection with the offer or sale of a franchise. MCL 445.1504(1); MSA 19.854(4)(1). The sales representative agreement at issue in this case does not involve a franchise. Plaintiff was not granted the right to engage in the business of selling goods substantially associated with defendant's advertising, trademark, etc., under a marketing plan or system prescribed by defendant. MCL 445.1502(3); MSA 19.854(2)(3).

End of Document                                         © 2016 Thomson Reuters. No claim to original U.S. Government Works.